# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>Plaintiff,<br><br>v.<br><br>SUSANVILLE PRISON, et al.,<br><br>Defendants. | No. 2:18-CV-0159-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 18). Plaintiff claims Defendants violated his First Amendment right to access courts when they denied him the ability to make copies of non-legal documents allegedly needed for his appeal.

///
///
///
///
///
///
///
///

1

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///
///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names four Defendants: (1) Susanville Prison, (2) K. Langslet, (3) S. Cagle, and (4) Smith. Plaintiff alleges that Defendants violated his First Amendment right to access Courts by depriving him the ability to make copies of non-legal documents Plaintiff alleges are needed to proceed with his appeal.

## III. ANALYSIS

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

Here, Plaintiff's claim against Susanville Prison is a claim against a state prison. Because state prisons enjoy Eleventh Amendment immunity this claim cannot proceed against Susanville Prison. Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir.1969) (applying Eleventh Amendment bar to suits against state prisons). Amending the complaint would not

change the immunity provided to this Defendant and thus amendment would be futile. Thus, this Court recommends Plaintiff's claim's against Susanville State Prison be dismissed and Susanville State Prison be terminated as a defendant in this case because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Plaintiff's claims against the remaining named defendants are addressed by separate order issued herewith.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends Plaintiff's claims related to Susanville State Prison be dismissed and Susanville be terminated as a defendant in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 22, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE